# IN THE COURT OF APPEALS OF IOWA

No. 24-1100
Filed July 2, 2025

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**CORTEZ JERMAINE BRYANT,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt (suppression) and Monica Zrinyi Ackley (plea and sentencing), Judges.

A defendant appeals the denial of his motion to suppress. **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee.

Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**GREER, Presiding Judge.**

In late December 2023, an officer initiated a traffic stop on Cortez Bryant. After authorities detained Bryant, an officer spotted an unsealed vodka bottle on the front passenger seat. Based on the unsealed alcohol container within Bryant's reach, officers concluded they had probable cause to conduct a thorough search of the passenger compartment, where they found illicit substances in Bryant's backpack. Subsequently, he was charged with three controlled substance violations and one aggravated misdemeanor, driving while barred. He filed a motion to suppress, which the district court denied. Bryant entered a conditional guilty plea, reserving the right to appeal the district court's denial of his motion to suppress. On appeal, Bryant argues officers lacked probable cause to search through his backpack, located in the passenger compartment, without a warrant. Finding Bryant's argument was not preserved below, we affirm the conviction.

## I. Background Facts and Proceedings.

On December 21, 2023, a Dubuque police officer recognized Bryant and, based on suspicions he was driving without a license, initiated a traffic stop. After the officer activated his emergency lights, Bryant stopped the vehicle but fled several blocks on foot, where he was apprehended by authorities. After Bryant was detained, an officer returned to Bryant's vehicle and called for a K-9 inspection, which, ultimately, yielded no positive results. But the officer spotted an unsealed vodka bottle that was partially empty on the passenger seat.

After noticing the open vodka bottle, the officer searched the interior of the vehicle. Behind the center console, within the reach of the driver, was a backpack belonging to Bryant with cocaine, marijuana, and psilocybin, alongside other drug

paraphernalia. Bryant was charged with three felony counts: two controlled-substance violations, while being a second or subsequent offender, both class "C" felonies; and one lesser controlled substance violation, while being a second or subsequent offender, a class "D" felony. Authorities also charged him with driving while barred, an aggravated misdemeanor.

Before trial, Bryant moved to suppress the evidence concerning the search of the backpack, arguing the officers did not have probable cause to justify the warrantless search of the backpack simply from observing the unsealed vodka bottle. Bryant argued he was already in custody at the time of the backpack search and, thus, there was no danger that Bryant would destroy its contents or access a weapon so the search-incident-to-arrest exception could not save the warrantless search and the exigency that normally applies for an automobile did not extend to the backpack. He maintained the State was required to obtain a warrant to search the vehicle's contents. The State argued the automobile exception to the warrant requirement applied. The district court denied Bryant's motion to suppress, finding the unsealed vodka bottle in plain view gave the officers probable cause to search his vehicle under the automobile exception and that officers could search the backpack because it could have contained additional evidence of the open container violation.

In the conditional plea agreement, Bryant pled guilty to driving while barred and one count of a controlled substance violation, while being a second or subsequent offender, a class "C" felony. The State agreed to dismiss the other felony counts. As a condition of his plea agreement, Bryant was free to appeal the district court's denial of his motion to suppress. The district court accepted the

terms of the plea agreement and sentenced Bryant to a ten-year prison sentence on his felony count and a two-year prison sentence for his aggravated misdemeanor, to be served concurrently. Also, the court imposed fines of $1855.

Bryant appeals.

## II. Standard of Review.

"When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo. We examine the whole record and make an independent evaluation of the totality of the circumstances." *State v. Fogg*, 936 N.W.2d 664, 667 (Iowa 2019) (cleaned up).

## III. Discussion.

On appeal, Bryant argues the district court erred in determining an open container of alcohol "provided probable cause to believe that other contraband would be found in a backpack located behind the center console of the car on the back seat" as "[a]ny item within a backpack . . . would not violate [open container laws] because . . . any potential alcohol in the backpack would not be contraband, even if it was 'open'." The State contests both subject matter jurisdiction and error preservation, so we start with those issues.

As to the jurisdiction question, Iowa Code section 814.6(3) (2024) provides that upon consent of a conditional guilty plea of both parties, "[a]n appellate court shall have jurisdiction over only conditional guilty pleas that comply with this section and when the appellate adjudication of the reserved issue is in the interest of justice." Recently, our supreme court weighed in on what constitutes an "interest of justice.":

We must decide whether an adjudication of [the defendant's] appeal "is in the interest of justice" under section 814.6(3).

The State acknowledges that it agreed to [the defendant's] conditional guilty plea in district court. It also acknowledges that [the defendant] is appealing only the pretrial ruling on the motion to suppress. But the State nevertheless contends that this appeal is not in the interest of justice because [the defendant's] appellate brief relies on new, unpreserved arguments. *We emphasize that appeals from conditional guilty pleas are limited to the specific ruling reserved in the conditional plea agreement joined by the State and approved by the district court.* Generally, after the State agrees to the conditional plea in district court, it should not be contesting jurisdiction on appeal. . . .

The very purpose of conditional pleas is to allow defendants the benefit of their bargain: the right to appeal a specific issue and withdraw the guilty plea if the ruling is reversed, avoiding the time and expense of a trial for both sides if the challenged ruling is affirmed. The State contends [the defendant] is raising new arguments on appeal with respect to the motion to suppress, but we conclude that those matters can be addressed under our normal rules of error preservation. [The defendant's] appeal should proceed.

*State v. McClain*, 20 N.W.3d 488, 495 (Iowa 2025) (emphasis added). The parties did not have the benefit of *McClain* at the time of briefing, but we apply it and conclude we have jurisdiction over Bryant's appeal in the interest of justice.

Moving to the error preservation question, we note that at the suppression hearing and in his motion to suppress, Bryant relied upon an argument that the automobile exception to the warrant requirement did not make the search lawful because Bryant was restrained and, thus, there were no exigent circumstances that required a search of a closed backpack. *See State v. Storm*, 898 N.W.2d 140, 145 (Iowa 2017) ("The Supreme Court has recognized a specifically established and well-delineated exception to the warrant requirement for searches of automobiles and their contents. This exception is applicable when probable cause and exigent circumstances exist at the time the car is stopped by police. The

inherent mobility of motor vehicles satisfies the exigent-circumstances requirement." (cleaned up)). As Bryant argued at the suppression hearing:

> I think where the State's argument falls short is in the exigency of the search of the bag, because the bag, unlike the vehicle, is not mobile. Once they gain control of [Bryant], there is no fear that [Bryant] could go in to destroy evidence, . . . and once they gain control of the bag itself, again, there's no exigency that—that the search needed to be done right then and there without a warrant. The . . . idea behind the automobile exception is . . . two-fold, [one] is that a vehicle can drive off and they can never find it, the evidence again; and [two] is the idea that we don't want to hold people for hours while we're waiting for a warrant on the side of the road. In this case, there was no one being held. [Bryant] had already been placed in the custody, unlike [*State v.*] *Rincon*, 970 N.W.2d 275 (Iowa 2022)] and [*State v.*] *Brandt*, [No. 18-2159, 2020 WL 1310303 (Iowa Ct. App. Mar. 18, 2020)], where both of them had passengers and the driver in the vehicle, which they needed to find out whether or not they could let those—those people go or were—if there was any reason for arrest. They already had a reason for arrest of—of Mr. Bryant once he ran from the scene and because of the initial traffic stop.[1]

These arguments followed the challenge Bryant articulated in the motion to suppress. In the district court's denial of the suppression motion, it noted Bryant's argument that he was not contesting

> the validity of the search of the vehicle, only the search of the backpack found inside the vehicle. Therefore, whether the search of

---

[1] The cases referenced in Bryant's suppression hearing argument resolve the issue he raised below. As noted in *Rincon*, after officers spotted a half-empty liquor bottle on the driver's seat and another on the rear seat floorboard, the supreme court concluded the automobile exception allowed those officers to conduct a search of the vehicle without a warrant. 970 N.W.2d at 281. After citing a number of cases, the supreme court found that an open-container violation provides probable cause for a vehicle search and that "any container in the vehicle that could hold an alcoholic beverage . . . would be fair game" and included the example of a vehicle glove box. *Id.*; *see also Brandt*, 2020 WL 1310303, at *2 ("The odor of an alcoholic beverage coming from the driver, coupled with the admission that the driver had been drinking beer and there were open containers of beer in the backseat, gave [the officer] probable cause to search the vehicle for open containers of alcohol. Brandt's purse was large enough to conceal an open container of beer. Because the deputy had probable cause to search the purse, the district court properly denied Brandt's motion to suppress.").

the backpack was legal depends on whether there was probable cause to search the backpack. [Bryant] argues that there was no exigency to search the bag because the officers removed the backpack from the vehicle and the vehicle's owner was not yet at the scene.

The district court addressed these arguments and found that the plain view of the open container of alcohol on the front seat provided probable cause to search a backpack on the back seat floor as it was large enough to contain further evidence of an open container violation and that any container in the vehicle was "fair game" for a search. Because there was probable cause, the automobile exception justified searching the backpack without a warrant. *See Rincon*, 970 N.W.2d at 280 ("The automobile exception does not require a separate finding of exigent circumstances. . . . Courts have explained that a finding of exigency is not required because a vehicle is inherently mobile." (internal citations omitted)).

Now, on appeal, Bryant shifts focus to whether the search of the backpack in the back seat would be a valid search for "contraband" because section 321.284(1) (2023) only provides that an open container is only illegal if it is "in the passenger area of the motor vehicle."[2] Bryant contends that "any potential alcohol in the backpack would not be contraband, even if it was 'open.'"

---

[2] Section 321.284(1) provides, in part:

> A driver of a motor vehicle upon a public street or highway shall not possess in the passenger area of the motor vehicle an open or unsealed bottle, can, jar, or other receptacle containing an alcoholic beverage. *"Passenger area" means the area designed to seat the driver and passengers while the motor vehicle is in operation and any area that is readily accessible to the driver or a passenger while in their seating positions, including the glove compartment.*

(Emphasis added.)

The implication of section 321.284(1) was not discussed or ruled upon in the suppression pleadings, hearing, or ruling.

As in *McClain*, the directive that a defendant can appeal in the interest of justice where a conditional plea is in place does not offer a free pass to make new challenges where error was not preserved below. 20 N.W.3d at 495. "[W]e are error-correction courts, [so] we generally don't decide issues for the first time. Rather, we usually decide only those issues that were (1) properly raised in the district court and (2) ruled on by the district court." *State v. Chawech*, 15 N.W.3d 78, 83 (Iowa 2024). It follows that "[i]f an issue was never presented to the district court to rule on, and if the district court did not in fact rule on it, we lack any 'error' to correct." *Id.* (alteration in original) (citation omitted). So, without further discussion, we affirm.

## IV. Conclusion.

We affirm Bryant's conviction.

**AFFIRMED.**